ELIZA W. PARKHURST, Respondent, *v.* ROBERT H. BERDELL, Appellant.

The attorneys for the parties hereto entered into a stipulation to the effect that the action be referred to P. to hear and determine on evidence already taken before another referee; that the action be summed up on a day to be fixed by the referee prior to the 15th of April then next. On the 31st of March, one of plaintiff's attorneys called upon the referee to appoint a time and place for the summing up, and was advised by the latter that it was impossible for him to fix a day for that purpose, prior to April 15th. He was requested by said attorney to decline the reference unless he could hear it before the day named. The referee thereupon wrote to plaintiff's attorneys, stating he could not hear the cause within the time limited, and asking to be excused from serving as referee. *Held*, that the reference was not conditioned upon the case being heard within the time specified; but that the facts justified an order vacating the reference and the stipulation.

(Argued November 22, 1881; decided December 6, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made May 10, 1881,

which affirmed an order of Special Term, vacating an order of reference herein, entered upon a stipulation.

The facts are sufficiently stated in the opinion.

*Alfred Taylor* for appellant. The order appointing a referee, under the circumstances in this case, is appealable to this court. (*Preston* v. *Morrow*, 66 N. Y. 452.) The order vacating the order of reference to Mr. Pritchard was irregular and unauthorized by law. (Code, § 772; *Beeker* v. *Lamont*, 13 How. Pr. 23; *Atlantic Bk.* v. *Franklin*, 55 N. Y. 237.)

*S. W. Fullerton* for respondent. So far as the order appealed from vacates the stipulation referred to, it is not reviewable in this court. (*Barry* v. *Mut. L. Ins. Co.*, 53 N. Y. 536.) It is only where the trial of an action cannot involve the examination of a long account, that an appeal from an order of reference therein will lie to this court. (*Welsh* v. *Darragh*, 52 N. Y. 590.)

MILLER, J. The stipulation between the attorneys provided that the action be referred to William M. Pritchard to hear and determine the same on the evidence already taken before the former referee and upon no other testimony whatever. It was also stipulated that the action be summed up before the referee on a day to be fixed by him prior to the 15th day of April, *proximo*, and the order of reference was entered upon filing the stipulation.

I think that by the terms of the stipulation it was intended that the day fixed for summing up should be prior to the 15th day of April, *proximo*. As, however, no provision was made that a failure to fix a day should vacate the order, and the reference was not conditional upon that being done, such failure does not necessarily, of itself, furnish any valid ground for setting the order aside, if sufficient reasons otherwise exist to warrant such an order.

It appears, from the papers in the case, that on the 31st of March the attorney for the plaintiff called upon the referee to appoint a time and place to hear the summing up of said ac-

tion pursuant to the stipulation, and that the referee then stated to him that it would be impossible for him to fix a day for that purpose prior to the 15th of April, and on the following morning wrote to the attorney a letter to that effect, and asked to be excused from serving. The referee's letter of April 14 to the defendant's attorney shows that he told the plaintiff's attorney that if the day fixed had been the 15th of May, he might have undertaken the reference; that the attorney left him undecided, and to consult with his brother whether he would postpone the hearing or discharge the referee, and the next day he had received a note from the attorney requesting him to decline the reference unless he could hear the argument before the 15th of April, and he accordingly wrote a note as already stated. The referee declined because he was requested to do so, and under these circumstances the question arises whether the court was authorized to vacate the order of reference. As the referee was thus objected to and requested not to act, it was but natural that he should desire to be relieved as a matter of delicacy. How far the court should regard such a declination, however, in disposing of the motion was a matter for consideration. The inability of the referee to name a day within the time named prevented the parties from having the case summed up as the stipulation provided, and we think entitled the party to apply to the court to vacate the order of reference and the stipulation. Although the request of the referee should not have controlled, yet, under the circumstances, it was for the judge to say whether the order should not be vacated. This was to some extent discretionary, and it is not clear that such discretion was abused or improperly exercised. While it may be doubted whether the decision of the case was expedited by such a course, and it is very apparent that by means thereof large expenses may be incurred and great delay, yet upon the whole we think there was authority to vacate the order and the order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.